John D. Magnuson, #34217502
YAEGER & JUNGBAUER BARRISTERS, PLC
4601 Weston Woods Way
St. Paul, MN 55127
(651) 288-9500 – telephone
(651) 288-0227 – facsimile
jmagnuson@yjblaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| RENDER FULLER, | Court File No. _____ |
| Plaintiff, | |
| v. | |
| BNSF RAILWAY COMPANY, a Delaware Corporation, | **COMPLAINT** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Render Fuller ("Mr. Fuller") brings this Complaint against Defendant Montana Rail Link ("MRL" or "the railroad"). In support, Mr. Fuller states and alleges as follows:

### PARTIES

1. At the time of the actions giving rise to this Complaint, Mr. Fuller was a resident of the State of Montana. At the time of the actions giving rise to this Complaint, Mr. Fuller was an employee of MRL working as a locomotive engineer until his termination on or around February 28, 2019.

2. At all times material herein, MRL was and is a Montana corporation organized and existing as a railroad carrier engaged in interstate commerce; headquartered in Missoula with

its principal office at 101 International Drive, Missoula, Montana 59808; and was and is operating in interstate system of railroads in and through several states, including the State of Montana. MRL's Registered Agent in Montana is Jacquie Duhame, with a street address of 101 International Drive, Missoula, Montana 59808; and a mailing address of PO Box 16390, Missoula, Montana, 59808.

## JURISDICTION & VENUE

3. Count I of this action (below) arises under the whistleblower protection provisions of the Federal Rail Safety Act, codified at 49 U.S.C. § 20109. On or about August 13, 2019, Mr. Fuller filed a Complaint with the Secretary of Labor alleging that the railroad had violated one or more protections codified at 49 U.S.C. § 20109. This Complaint was timely as less than 180 days had passed since adverse employment action suffered by Mr. Fuller. More than 210 days have elapsed since Fuller filed that complaint.

4. Venue is proper in the District of Montana pursuant to 28 U.S.C. § 1391. A substantial part of the events, acts, and/or omissions giving rise to Mr. Fuller's claim in this action occurred in this judicial district. At the time of his termination Mr. Fuller resided in this judicial district. And because the railroad conducts business in this judicial district and has sufficient contacts with this judicial district, this Court has personal jurisdiction over the railroad.

## COUNT I: Federal Rail Safety Act

5. Each and every preceding paragraph is incorporated herein in its entirety by this reference.

6. The following factual recitation is illustrative of, rather than exhaustive of, the facts and circumstances giving rise to this Complaint. Mr. Fuller engaged in various instances of protected activity, as statutorily defined by the whistleblower-protection provisions of the Federal Rail Safety Act, codified at 49 U.S.C. § 20109. These protected activities include, but

are not necessarily limited to:

    a. Notifying or attempting to notify the railroad of a work-related personal injury in good faith on or about October 2, 2015;

    b. In good faith, regularly provided MRL with more specific updates of his medical condition related to the October 2015 injury report up to and including mid-September 2018 when he reached an out-of-court settlement of his FELA claim for his October 2015 injury;

    c. In good faith, refused to violate or assist in the violation of federal law, rule, or regulation relating to railroad safety by requesting permission to make a reverse move inside of a control point on or about November 2, 2018;

    d. On or about July 16, 2018, Mr. Fuller reported, in good faith, a hazardous safety condition when he advised the railroad that a crew transport van was overloaded with passengers;

    e. On or about July 16, 2018, Mr. Fuller refused to board a crew transport van that, in good faith, he believed was overloaded with passengers and constituted a hazardous safety condition related to the performance of his duties; and

    f. Other instances of protected activity as may be established in discovery.

7. MRL, its officers, and/or its employees took actions to reprimand, suspend, or in some other way discriminate against Mr. Fuller, such as:

    a. On December 13, 2018, MRL removed Mr. Fuller from service pending an investigation for an alleged tampering of an inward facing camera on a locomotive owned by BNSF Railway Co., locomotive BNSF 6375;

    b. On January 3, 2019, MRL directed Mr. Fuller to attend and on property investigation for an alleged tampering with an inward facing camera on a locomotive;

    c. On January 24, 2019, MRL held an investigation into Mr. Fuller's alleged tampering with an inward facing camera on a locomotive;

    d. On February 28, 2019, MRL terminated Mr. Fuller's employment for allegedly tampering with an inward facing camera on a locomotive; and

    e. On or about the time of each of these events, MRL noted these things on Mr. Fuller's employment record, creating a potential for blacklisting.

8. At the time that the railroad took the above-described adverse employment actions against Mr. Fuller, the railroad, its employees, and/or its officers were aware that Mr. Fuller had engaged in the above-described protected activities.

9. The railroad's decisions to reprimand, suspend, terminate, or otherwise discriminate against Mr. Fuller were due, in whole or in part, to his engagement in protected activities as described above. This is evidenced by facts and circumstances including but not limited to the following:

    a. There is close temporal proximity between the protected activities and the adverse actions;

    b. MRL demonstrated antagonism or hostility towards Mr. Fuller and his protected activities;

    c. MRL inconsistently applied its policies, subjecting Mr. Fuller to disparate treatment;

    d. MRL's explanations for its adverse actions are false and or pretextual; and,

  e. MRL's treatment of Mr. Fuller changed following his engagement in the above-described protected activities and demonstrated hostility towards him.

10. As a result of the actions that the railroad and its decision-makers took to reprimand, suspend, terminate, or otherwise discriminate against Mr. Fuller, he has suffered damages that include but are not limited to:

  a. Loss of wages and benefits;

  b. Negative remarks in his personnel files that may lead to blacklisting;

  c. Emotional distress and/or loss of enjoyment of life; and

  d. Other consequential damages including but not limited to litigation costs and reasonable attorneys' fees.

11. Based on the allegations outlined above, Mr. Fuller demands and prays that the Court enter judgment in his favor and against Defendant MRL for all relief necessary to make Mr. Fuller whole, including but not limited to relief in the form of:

  a. An award of back pay with interest appropriately compounded;

  b. An award of front pay;

  c. An award of benefits lost, including but not limited to credit for months of service that Mr. Fuller would have earned with the Railroad Retirement Board absent the railroad's unlawful termination of his employment and loss of vacation time and seniority;

  d. An award for emotional distress, pain, suffering, and loss of enjoyment of life;

  e. An award for any and all other compensatory damages, including litigation costs and reasonable attorneys' fees; and

f. An award of whatever interests, costs, and other damages as may be allowed by law.

12. The railroad's termination of Mr. Fuller's employment was done with malice or ill will, the knowledge that its actions violated federal law, or reckless disregard or callous indifference to the risk that its actions violated federal law. Mr. Fuller therefore further prays for punitive damages in an amount up to the statutory maximum of $250,000 under 49 U.S.C. § 20109(e)(3) to punish the railroad for its unlawful activity and deter the railroad from engaging in such unlawful activity in the future.

## DEMAND FOR TRIAL BY JURY

13. Mr. Fuller hereby makes and files a written demand for a trial by jury in this action on all issues so triable pursuant to 49 U.S.C. § 20109(d)(3), and/or any other controlling authority.

Dated: 12/29/21

Respectfully submitted,

By: _____
John D. Magnuson, MT #34217502
YAEGER & JUNGBAUER BARRISTERS, PLC
4601 Weston Woods Way
Saint Paul MN 55127
Telephone: (651) 288-9500
jmagnuson@yjblaw.com

*ATTORNEYS FOR PLAINTIFF*